# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| JOSEPH M. THOMAS, | ) | |
| Claimant, | ) ) ) | |
| v. | ) ) | Case No. CV412-254 |
| OFFICE OF DISABILITY ADJUDICATION AND REVIEW, SOCIAL SECURITY HEARING AND APPEALS, and L. ELLIS DAVIS, | ) ) ) ) ) | |
| Defendants. | ) | |

## **REPORT AND RECOMMENDATION**

In an apparent attempt at an end-run around the United States Social Security Administration's appeals process, Joseph M. Thomas has filed a complaint invoking 42 U.S.C. § 1983 as the basis for reviewing the denial of his social security disability claim. (Doc. 1.) He seeks $38,000,000 in damages. (*Id.*) The Court grants his IFP motion (doc. 2) but recommends that this case be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim for relief.

Thomas cannot proceed under 42 U.S.C. § 1983 since that statute only applies to violations of federal law by *state actors*. *See Maine v. Thiboutot*, 448 U.S. 1, 4-8 (1980) (explaining that § 1983 may be used to

vindicate Social Security Act rights against *state* officials). Here, Thomas names a federal Administrative Law Judge and federal agencies, both of which are clearly outside the reach of § 1983. (Doc. 1 at 1.) Further, the Supreme Court has held for decades that there is no right under § 1983's federal analogue, *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), to attack "wrongful denials of Social Security disability benefits." *Wilke v. Robbins*, 551 U.S. 537, 550 (2007) (citing *Schweiker v. Chilicky*, 487 U.S. 412 (1988)). As Thomas' effort to fashion a constitutional tort claim against the Social Security Administration fails as a matter of law, his complaint must be dismissed.

Federal judicial review of social security administrative decisions is provided for in 42 U.S.C. § 405(g), which states in pertinent part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow. . . . The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying or reversing the decision of the Commissioner of Social Security with or without remanding the case for a rehearing.

42 U.S.C. § 405(g). Section 405(h) provides that "[n]o findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal, or government agency except as herein provided." 42 U.S.C. § 405(h). Accordingly, a plaintiff may bring an action against the Commissioner only where he has been a party to a hearing before the Commissioner (or Administrative Law Judge) and only where the Commissioner has made a "final decision" on his claim.

Plaintiff here alleges only that he has been denied benefits after a hearing. (Doc. 1 at 2.) But he has failed to allege that the Commissioner's decision denying such benefits was final. And the complaint is devoid of any factual allegations from which the Court can infer that a final decision (within the meaning of the Act) has been made by the Commissioner. Nor can the Court determine whether this action was filed within 60 days of any *final* decision denying benefits. Absent such allegations, the Court would lack jurisdiction to review the administrative decision even if plaintiff had brought his action under the proper statute. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)

("[W]hen a federal court concludes that it lacks subject matter jurisdiction, the court must dismiss the complaint in its entirety.").[1]

Because Thomas has failed to state a claim for relief under 42 U.S.C. § 1983, this case should be **DISMISSED**.

**SO REPORTED AND RECOMMENDED** this 29TH day of November, 2012.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] "[C]ourts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh*, 546 U.S. at 514. Because federal courts are courts of limited jurisdiction, they are presumed to lack subject matter jurisdiction in a particular case "unless the contrary affirmatively appears." *General Atomic Co. v. United NuclearCorp.*, 655 F.2d 968, 968–69 (9th Cir.1981).

4